WENTWORTH, Judge.
Beck appeals the revocation of his insurance license. The recommended order of revocation by an assistant commissioner, serving as hearing officer, indicated that suspension and not revocation of Beck’s license would have been recommended if Beck were not serving a criminal probation:
Count I standing alone contains a number of violations of law which require mandatory revocation or suspension of Respondent’s licenses.... Taking into consideration the youth of the Respondent and Respondent’s attorney’s cooperation and efforts to expedite the proceedings, the undersigned sought to recommend the lesser of the two mandatory penalties; namely, the suspension of Respondent’s licenses and eligibility to hold the licenses. Considering the record as a whole .. . the minimum penalty should be one of the maximum period of suspension (one (1) year).... Considering Count II in conjunction with Count I, with Respondent being under a felony probation, which in the normal course of events will not expire until 1982 — the penalty of suspension would be a most impractical and ineffective one, since the maximum period of suspension that may be assessed is one (1) year under F.S. 626.641 (1) — allowing the Respondent to re-engage in the business of insurance while still under probation for felonies, [e.s.]
The recommendation and agency adoption of revocation as the proper penalty over the hearings officer’s professed preference for suspension thus appears to be based upon an assumption that the criminal probationary period precluded Beck from being licensed.
The statute provides, however, that revocation is neither automatic nor mandatory when a licensee pleads guilty to a felony. See Section 626.621(8), Florida Statutes. Similarly, the law does not require revocation and instead expressly permits suspension while a licensee serves a period of criminal probation.
Because we cannot determine the extent to which the apparently erroneous interpretation of law constrained the commission’s decision, we vacate the order of revocation and remand for a redetermination of whether Beck’s license should be suspended or revoked.
Remanded for further proceedings consistent herewith.
SHIVERS, J., and LILES, WOODIE A. (Retired), Associate Judge, concur.